UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MICHEL G. ELIVERT,                                                              Case No.:

                      Plaintiff,                          **NOTICE OF REMOVAL**

- against -


DANIEL FERREIRA and PAV EXPRESS, INC.

                      Defendants.
---------------------------------------------------------------------X

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that Defendants DANIEL FERRIERA and PAV EXPRESS, INC. through their attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, give notice that the above-captioned action, filed with the Supreme Court for the State of New York, County of Queens, and all claims and causes of action therein (the "State Action"), is removed to the United States District Court for the Eastern District of New York. As for grounds for removal, Defendants states as follows:

**GROUNDS FOR REMOVAL**

1. This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) on the basis of diversity jurisdiction, and removal is proper pursuant to 29 U.S.C. §§1441 and 1446.

2. Venue is proper because this Court constitutes the "district court of the United States for the district and division embracing the place where "the State Action' is pending." 28 U.S.C. §1441(a).

**Procedural History and Timeliness of Removal**

3. On November 30, 2021, Plaintiff filed the State Action.

4. Defendants Daniel Ferreira and Pav Express, Inc. were served with the Summons and Complaint on December 13, 2021. A copy of the Summons and Complaint with the Service of Process Transmittal by the Secretary of State is attached as Exhibit A in accordance with 28 U.S.C. §1446(a). Accordingly, this Notice of Removal is filed timely.

5. No other motions or proceedings are pending in the State Action.

6. No previous application has been made for the relief requested herein.

7. In accordance with 28 U.S.C. §1446(d), promptly after filing the notice of removal, Defendants will give written notice to all adverse parties and will file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of Queens.

**Removal is Proper Under 28 U.S.C. §1332 and 1441**

8. According to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

9. 28 U.S.C. §1332(a) provides that this Court has original jurisdiction over any matter where "the matter in controversy exceeds the sum or value of $75,000" and the matter is between the "citizens of different States and in which citizens or subjections of a foreign state are additional parties."

10. Removal is justified because this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity among the parties. Complete diversity existed when the Complaint was filed in the State Action and exists at the time of the filing of this removal petition.

11. As alleged in the Verified Complaint, Plaintiff Michel Elivert is a citizen of the County of Queens, State of New York. Defendant Daniel Ferreira is a citizen of the State of the

State of New Jersey. Defendant Pav Express, Inc., is a corporation organized under the laws of the State of New Jersey and is a citizen of the State of New Jersey.

12. This action arises out of a motor vehicle accident. Plaintiff claims to have sustained "serious injuries as defined by §5102(d) of the Insurance Law of the State of New York." Complaint paragraph 24. Further, Plaintiff claims that she has "sustained serious injuries and economic loss greater than basic economic loss as defined by §5102 of the Insurance Law of the State of New York." Complaint paragraph 24.

13. Further, Plaintiff alleges that he has "sustained damages in an amount that exceeds the jurisdictional limits of all lower court which would otherwise have jurisdiction." Complaint paragraph 26.

14. As this Court is aware, the basic economic loss as defined by Insurance Law §5102 is $50,000. Accordingly, it is a logical and reasonable conclusion that Plaintiff is asserting a claim that exceeds $75,000 based upon the allegations contained in the Complaint.

**WHEREFORE**, Defendants respectfully submit that the State Action is properly removed to this Court from the Supreme Court of the State of New York, County of Queens.

Dated: Hawthorne, New York
January 13, 2022

                                        **TRAUB LIEBERMAN STRAUS**
                                         **& SHREWSBERRY LLP**
                                        *Attorneys for Defendants*

By: _____
                                 Lisa M. Rolle
                                 Mid-Westchester Executive Park
                                 Seven Skyline Drive
                                 Hawthorne, New York 10532
                                 (914) 347-2600

TO:

**ABRAMS LAW GROUP, P.C.**
*Attorney for Plaintiff*
*Michel G. Elivert*
104-70 Queens Blvd, Suite 502
Forest Hills, New York 11375
(718) 997-9797