**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MICHEL ELIVERT,**

                    **Plaintiff,**

       - against -　　　　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**

**DANIEL FERREIRA, et al.,**　　　　　　　　22-CV-208 (PKC)

                    **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

This personal injury action was removed from state court on January 13, 2022, by defendants Daniel Ferreira and Pav Express, Inc. ("defendants"), on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See Notice of Removal (Jan. 13, 2022) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1. For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

## DISCUSSION

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).

In the instant action, the Notice of Removal provides an insufficient basis for concluding that the amount in controversy satisfies the jurisdictional threshold. The Notice relies primarily on plaintiff's allegation that he "sustained serious injuries and economic loss greater than basic economic loss as defined by § 5102 of the Insurance Law of the State of New York." Notice ¶ 12 (quoting Complaint ¶ 24). But the Notice is silent as to the value of plaintiff's claim, and defendants do not cite to any allegation in the Complaint to demonstrate that plaintiff seeks damages in excess of $75,000. All that can be determined from defendants' quotation from the Complaint is that plaintiff alleges that he has "sustained serious injuries." Notice ¶ 12. Such a boilerplate allegation fails to sustain defendants' burden to establish that the amount in controversy satisfies the jurisdictional threshold.[1] See Islam v. Hertz Vehicles, LLC, 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020) (remanding case because "general" allegations based on Article 51 of New York Insurance Law "are not enough" to support federal diversity jurisdiction); King v. J.B. Hunt Transport, Inc., 20-CV-5310 (PKC) (RER), 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020); Herrera v. Terner, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Similarly, the allegation that plaintiff "sustained damages in an amount that exceeds the jurisdictional limits of all lower court which would otherwise have

---

[1] Defendants also violated 28 U.S.C. § 1446(a) by failing to attach the state court Complaint to the Notice of Removal. See 28 U.S.C. § 1446(a) (requiring that Notice of Removal be filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). This procedural defect provides an additional ground on which to remand the action. See In re Proceeding for Support under the Fam. Ct. Act, 17-CV-6030 (JS)(AYS), 2017 WL 5195228, at *2 (E.D.N.Y. Nov. 9, 2017) (remanding action for failure to attach a copy of the "pleadings and orders" served in state court), appeal dismissed, 768 F.App'x 92 (2d Cir. 2019).

jurisdiction," Notice ¶ 13 (quoting Complaint ¶ 26), does not satisfy the monetary threshold for diversity jurisdiction, since the jurisdictional limitation of the lower civil courts of New York is $25,000, see Islam, 2020 WL 5893965, at *2; King, 2020 WL 6545905, at *2; Correa v. YRC Worldwide Inc., 19-CV-1564 (CBA), 2019 WL 1649945, at *1 (E.D.N.Y. Mar. 28, 2019), adopted, 2019 WL 1643541 (E.D.N.Y. Apr. 16, 2020).

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo, 28 F.3d at 273-74. As defendants have failed to satisfy their burden in this regard, the District Court should remand the action. See Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017) ("barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable Pamela K. Chen on or before **February 2, 2022**. Failure to file objections in a timely

manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated: Brooklyn, New York**
            **January 19, 2022**

/s/      *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**